# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER HODGE, ET AL.**　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**NO. 18-144-SDD-RLB**

**FCA US, LLC**

## ORDER

Before the Court is Plaintiffs' Motion to Compel (R. Doc. 11) filed on July 31, 2018. Defendant has not filed a response as of the date of this Order. Accordingly, the instant Motion is unopposed. *See* LR 7(f).

On February 12, 2018, Plaintiffs commenced this action, seeking recovery under the Magnusson-Moss Warranty Act, 15 U.S.C. § 2310(d), for breach of express and implied warranties regarding a 2017 Jeep Grand Cherokee purchased by Plaintiffs on August 31, 2017. (R. Doc. 1).

On March 24, 2018, Plaintiffs served their First Set of Interrogatories and Requests for Production, to which Defendant provided responses on April 18, 2018. (R. Doc. 11-2; R. Doc. 11-3).

On May 21, 2018, Plaintiffs' counsel sent defense counsel a letter identifying certain alleged deficiencies regarding Defendant's objections and responses to Interrogatory Nos. 1, 2, 8, 14, 15, 16, and 17, and Request for Production Nos. 10, 15, 16, and 20. (R. Doc. 11-4). Plaintiffs' counsel attempted to obtain supplemental responses after holding a telephone conference and through various correspondences between counsel. (R. Docs. 11-5, 11-6, 11-7, 11-8).

On July 31, 2018, Plaintiffs filed the instant Motion, which seeks supplemental responses to Interrogatory Nos. 1, 2, 8, 14, 15, 16, and 17, and Request for Production Nos. 15, 16, and 20.[1] The discovery requests and responses at issue are as follows:

**INTERROGATORY NO. 1:**
Other than the attorneys of records, please state your full name, date of birth, address and occupation; also state the name, address, occupation, and relationship to the parties of each individual who assisted the answering of these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**
The party responding to these interrogatories is FCA US, 1000 Chrysler Drive, Auburn Hills, Michigan 48326-2766. These responses have been prepared with the assistance of counsel and contain information obtained from a variety of sources.
FCA US otherwise objects to this interrogatory because it is overly broad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. FCA US also objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.

**INTERROGATORY NO. 2:**
Please identify all documents that you possess and/or have in your custody and control regarding the Subject Vehicle.

**RESPONSE TO INTERROGATORY NO. 2:**
FCA US refers Plaintiffs to FCA US's response to Plaintiffs' First Set of Requests for Production of Documents.

**INTERROGATORY NO. 8:**
Please identify the location and custodian for any documents possessed and/or within the custody and control of Defendant regarding the Subject Vehicle.

**RESPONSE TO INTERROGATORY NO. 8:**
FCA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**
Identify each person who was manager or otherwise responsible for service assistance to dealerships in the district or region having jurisdiction over Plaintiffs complaints from the time Plaintiff purchased the Subject Vehicle.

---

[1] Plaintiffs do not seek any supplemental production for Request for Production No. 10.

**RESPONSE TO INTERROGATORY NO. 14:**
FCA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15:**
What are the terms for a repair made by an authorized repair facility to be classified or designated as a warranty repair?

**RESPONSE TO INTERROGATORY NO. 15:**
FCA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 16:**
Please identify Defendant's specific OBD Codes and their definitions that apply to the Subject Vehicle.

**RESPONSE TO INTERROGATORY NO. 16:**
FCA objects to this interrogatory because it is vague, overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 17:**
With regard to the Subject Vehicle, please identify all FCA US, LLC, specific OBD Codes that were revealed during inspection, maintenance and/or repair of the Subject Vehicle by a FCA US, LLC, authorized facility and the diagnosis provided by each code.

**RESPONSE TO INTERROGATORY NO. 17:**
FCA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:**
Produce all documents between you and NHTSA which relate to the Subject Vehicle or any parts or components used therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**
FCA US objects to this request because it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. FCA US also objects to this request because it is misleading and argumentative. FCA US further objects to this request to the extent it seeks information protected from disclosure by the work product doctrine or attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 16:**
Produce any and all notices from NHTSA which you have received and relate to the Subject Vehicle and any parts or components used therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**
FCA US objects to this request because it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. FCA US also objects to this request because it is misleading and argumentative. FCA US further objects to this request to the extent it seeks information protected from disclosure by the work product doctrine or attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 20:**
All literature made available to Bergeron Automotive, Inc., which assists or in any way relates to the service and repair of the conditions and components listed Plaintiffs complaint filed in the instant lawsuit. This includes printouts of all data accessible by computer, as well as technical service bulletins; service bulletins; service or repair directives, instructions or suggestions; recall notices; service campaign notices; or letters to owners which relate or refer to any of the components or conditions listed in Plaintiffs petition/complaint filed in the instant lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**
FCA US objects to this request because it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

(R. Doc. 11-2; R. Doc. 11-3).

Plaintiffs argue that Defendant's responses to the foregoing discovery requests are invalid, incomplete and, evasive, and that the underlying discovery requests seek information within the scope of discovery. (R. Doc. 11-1 at 7-11). As stated above, Defendant offers no opposition to Plaintiffs' arguments.

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Having reviewed the discovery requests at issue, and given that Defendant has not opposed the relief sought, the Court overrules Defendant's boilerplate objections, including those based on overbreadth, undue burden, and irrelevance.

Interrogatory No. 1 seeks appropriate information regarding the individuals who assisted in the answering of the interrogatories and specifically excludes counsel of record from its scope. This information is pertinent for identifying potential witnesses. The disclosure of factual information identifying these individuals will not waive any privileges.

The remaining discovery requests are specifically limited to information pertaining to the subject vehicle. The information sought in response to Interrogatory Nos. 2, 8, 14, 15, 16, and 17, and Request for Production Nos. 15, 16, and 20, falls within the scope of discovery. To the extent it can be interpreted otherwise, the Court limits the information sought in Request for Production No. 20 to documents that would assist or relate to the service and repair of the conditions and components listed in Plaintiffs' complaint that pertain to the subject vehicle. Furthermore, while a party may general respond to an interrogatory by producing business records, *see* Fed. R. Civ. P. 33(d), Defendant's response to Interrogatory No. 2 is deficient as it does not specifically identify the documents that must be reviewed as responsive. Given that it failed to oppose the instant motion, Defendant must now identify the specific documents in a written response to Interrogatory No. 2.

Finally, given the lack of any response to the instant Motion, the Court will award Plaintiffs the reasonable expenses incurred in making the Motion, including attorney's fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 11) is **GRANTED**. Defendant must provide supplemental responses to Interrogatory Nos. 1, 2, 8, 14, 15, 16, and 17, and Request for Production Nos. 15, 16, and 20, without further objection, within **14 days** of the filing of this Order, or as otherwise agreed by the parties. To the extent Defendant seeks to withhold information responsive to the foregoing discovery requests on the basis of the attorney-client privilege, work product doctrine, or any other privilege or immunity in accordance with Rule 26(b)(5)(A) and Local Rule 26(c).

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Defendant shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiffs shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

---

[2] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.

6

(3)  Defendant shall, within 7 days of the filing of Plaintiffs' Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiffs.

Signed in Baton Rouge, Louisiana, on August 31, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**